### In re GREEN.
### Patent Appeal No. 2705.

Court of Customs and Patent Appeals.
April 27, 1931.

Arthur B. Marsh, of Boston, Mass. (Arlon V. Cushman, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 7, 8, and 9 in appellant's application for a patent relating to a catch-basin trap, comprising a tubular sleeve, adapted to be imbedded in the masonry of the catch-basin, and an ell-shaped member connected with the tubular sleeve by means of a bayonet joint, the joint being so constructed that the ell-shaped member is capable of being rotated relative to the sleeve. The ell-shaped member is held in gas tight relation to the sleeve by a packing of plastic material such as heavy grease.

Claim 7 is illustrative. It reads:

"7. A catch basin trap comprising a tubular sleeve adapted to be fixed in the wall of a catch basin and having an exterior circumferential rib, intermediate its ends, which is shaped to form a groove internally of the sleeve, and a channel leading from said groove to the inner end of the sleeve, and an ell-shaped member telescopically related to said sleeve and provided with an exterior tongue adapted to pass through the channel in the sleeve and fit within the circumferential groove at the inner end thereof, for the purpose described."

The references are: Holleran, 578,927 March 16, 1897; Finch, 788,200 April 25, 1905; Johnson, 788,721 May 2, 1905; Beattie, 1,353,559 September 21, 1920.

The basic reference is the patent to Johnson. It discloses a catch-basin trap structure, comprising a tubular sleeve adapted to be fixed to the wall of the basin and an ell-shaped member attached to the sleeve.

In its decision, the Board of Appeals said:

"Johnson discloses the same combination broadly, but he employs a different type of joint between the ell and the off take pipe, namely, a flange on the ell retained in a depression in the end of the pipe by means of a covering ring fastened to the mouth of the pipe. Johnson's ell is, however, made with a loose fit so that the ell can be rotated by means of a hooked rod.

"Claim 7 requires only the very broad substitution of a bayonet joint in place of Johnson's plain flange joint. Finch has been cited to show stove pipe joints of the bayonet type, and clearly anticipates each detail of the joint itself. The sleeve 15 shown in Figure 2 of Finch is fully equivalent to the sleeve 1 of applicant, the lugs 19 being equivalent to the rib 5.

"It is considered that no patentable novelty is involved in the broad substitution of a joint like Finch's for the joint shown by Johnson. The rejection of claim 7 is affirmed.

"Claim 8 requires that the joint of the bayonet type be of sufficiently loose fit to permit packing to be placed between the parts. In view of the general use of packing in most pipe joints as shown by Holleran and Beattie, no patentable novelty is thought to be involved in its use in a bayonet joint. The rejection of claim 8 is affirmed.

"Claim 9 positively includes the packing as an element but presents the same question of patentability as claim 8 and this claim also is therefore without patentable novelty over the citations."

The patent to Finch relates to stovepipe joints of the bayonet type. It is argued by counsel for appellant that this reference is from a nonanalogous art, and is therefore not a pertinent reference.

We are unable to agree with counsel for appellant that the patent to Finch is not a proper reference. In our opinion, the applicability of the bayonet joint disclosed by Finch and the slight change required to adapt it to its new use would occur to a person of ordinary mechanical skill. Potts & Co. v. Creager et al., 155 U. S. 597, 15 S. Ct. 194, 39 L. Ed. 275.

The patents to Holleran and Beattie disclose that the use of a packing material in pipe joints is old.

We are of opinion that the conclusion reached by the tribunals of the Patent Office is right. Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.